NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5170

STANLEY R. SILER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED:  February 15, 2006

Before MAYER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Stanley R. Siler appeals from the September 1, 2005 order of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim.  Siler v. United States, No. 05-926C, slip op. (Fed. Cl. Sept. 1, 2005).  We affirm.

DISCUSSION

On August 24, 2005, Mr. Siler filed a pro se complaint in the Court of Federal Claims against the United States, generally alleging copyright infringement and breach of contract. The jurisdiction of the Court of Federal Claims over copyright infringement extends only to claims against the United States. See 28 USC § 1498(b) (2000). Mr. Siler's complaint alleged:

> The Circuit Court of the State of Oregon for the County of Marion allows defendants in the case below to continue to infringe copyright property . . . [and] deliberately dismisses Copyright Suit . . . STANLEY R. SILVER vs. Dennis Vavrosky, et al. The Circuit Court . . . refuses to enforce copyright infringement actions . . . . The Circuit Court . . . is unjust and unfair.

Because Mr. Siler's complaint did not allege that the United States infringed a copyright owned by him, the Court of Federal Claims was required to dismiss the complaint for lack of subject matter jurisdiction.

With respect to the contract claim, Mr. Siler's complaint alleged that he "has a written agreement with the United States Court of Federal Claim[s]." However, we understand Mr. Siler to have been claiming that he has a contract with the United States. In support of his claim, Mr. Siler submitted a notarized document prepared by him and signed only by him, although it declares that it binds the United States. Based on a submitted Certificate of Recordation, the document appears to have been registered in the Copyright Office. Because the document is not a contract or agreement at all, given that there is no indication of acceptance, we conclude that the Court of Federal Claims properly dismissed Mr. Siler's contract action for failure to state

05-5170                                    2

a claim.  Accordingly, the decision by the Court of Federal claims to dismiss Mr. Siler's complaint is affirmed.